**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ZIA FAZAL UL HAQ,

Petitioner,

v. Case No. 1:26-cv-03022 KWR-LF

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since February 2026. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner now asserts that his detention is prolonged, his prior bond hearing is stale, and he requests release. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated that the length of his detention violates his due process rights or entitles him to immediate release.

**BACKGROUND**

Petitioner is a citizen of Pakistan and is currently detained by ICE at the Torrance County Detention Center. Petitioner asserts he was taken into immigration custody on February 4, 2026.

Doc. 1 at 9. He asserts a removal order was issued on December 12, 2023 and he filed an appeal of the removal order. The appeal remains pending.

Petitioner previously filed a 28 U.S.C. § 2241 habeas petition in this district. *Fazal ul Haq v. Warden,* No. 1:26-cv-01814-KWR-JFR (D.N.M.). The Court denied the Petition. *Id.* Doc. 8. Petitioner largely repeats his claims raised in his first case. In the Order, the Court noted the following facts:

> Petitioner is a citizen of Pakistan detained by ICE at the Torrance County Detention Facility in New Mexico. He entered the United States in 2018 on a visa. Petitioner asserted that he was arrested without a warrant in Minnesota on February 20, 2026. Petitioner received a bond hearing on May 1, 2026. Doc. 6-4 at 1. The immigration judge denied bond, reasoning that he is a flight risk. *See* Doc. 6-4 at 1.
> …
> Petitioner was ordered removed on December 12, 2023. Doc. 6-1 at 21. It appears that the appeal of the removal order is pending.

Order, *Fazal ul Haq v. Warden,* No. 1:26-cv-01814-KWR-DLM (D.N.M. Aug. 27, 2026), Doc. 8 at 2.

Petitioner appears to assert that his detention violates the Fifth Amendment because he has been detained for longer than six months. He also asserts that he is not a danger or flight risk and should be released on conditions. He challenges the denial of his bond.

**DISCUSSION**

First, to the extent Petitioner challenges the flight risk determination, the Court lacks authority to review that decision. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section

shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination. In the alternative, in its discretion the Court would not set aside that determination.

Second, Petitioner asserts that his prolonged detention violates due process. To the extent he asserts a procedural due process claim, that claims fails. Petitioner was detained in February 2026. He asserts he received multiple bond hearings, including one on or about May 1, 2026. *See* Doc. 1 at 4 (explaining that he received one bond hearing in Minnesota and one in New Mexico). Thus, Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees

are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing less than six months ago, and therefore he has received the remedy for prolonged detention. Alternatively, the Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to another bond hearing.

Alternatively, Petitioner has not demonstrated how his detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

"bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here,

Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

Petitioner asserts that his detention is prolonged in violation of the Fifth Amendment because it exceeds six months. Doc. 1 at 3. To the extent he asserts a *Zadvydas* claim, that claim fails. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

To the extent Petitioner asserts a substantive due process claim, it does not appear to be meritorious. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if

immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore v. Kim,* 538 U.S. 510, 528 (2003) (considering mandatory detention under §1226(c)).

Here, Petitioner has been detained for approximately eight months, but he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner was detained in February 2026. A removal order was issued in December 2023, which Petitioner appealed. The appeal remains pending. A bond hearing was held on or about May 1, 2026 under § 1226(a). Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. He is not being mandatorily detained. Rather, an immigration judge decided he should be detained as he is a flight risk. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Maintain Custody (Doc. 5) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE